

FILED
JAN -5 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Cameron Hower, on behalf of himself and others similarly situated**<br><br>Plaintiff,<br><br>v.<br><br>**Express Technologies, Inc.,**<br><br>Defendant. | CIVIL ACTION NO. 3:16cv009 |

## COMPLAINT

Plaintiff Cameron Hower ("Hower" or "Plaintiff") respectfully moves for judgment against Express Technologies, Inc. ("Express Technologies" or "Defendant"), on behalf of himself and all others similarly situated:

### Introduction

1.  This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA"). Plaintiff seeks unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendant's FLSA violations for himself and others similarly situated.

### Jurisdiction and Venue

2.  This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiff may bring this action in any appropriate United States District Court.

3.  Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule

3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5. Plaintiff is a resident of Virginia who is employed by Defendant as an electrician. Plaintiff is an "employee" as defined in the FLSA.

6. Express Technologies is a Virginia corporation with its principal office in Fredericksburg, Virginia. Express Technologies meets the definition of "employer" as defined in the FLSA.

## Factual Allegations

7. Hower was hired by Defendant in or around April 2015.

8. Hower's job involves driving a company-owned van to jobsites and servicing Express Technologies' clients.

9. Hower is paid on an hourly basis.

10. The van Hower drives contains company-owned tools, equipment, and supplies needed to service Express Technologies' clients.

11. Hower regularly begins his workday by driving his van to Express Technologies' shop, where he picks up tools, supplies, and co-workers. Hower then drives to jobsites where he and co-workers perform work for Express Technologies' clients.

12. Hower is regularly required to meet at the shop to receive instructions on jobs for the day and to pick up tools, supplies, and co-workers.

13. At the end of his workday, Hower regularly drives his van back to the shop to

drop off co-workers and supplies before driving home.

14. Express Technologies has a custom or practice of not paying Hower for these hours spent driving between the shop and the jobsite.

15. Hower has performed work for clients at jobsites located in Richmond, Colonial Heights, Hopewell, Fredericksburg, and Spotsylvania.

16. While at jobsites, Hower performs blue-collar electrical work and his duties include manual labor such as pulling fiber optic cable, installing communications cable, running power cables, installing electrical receptacles, installing light switches, installing light fixtures, and installing conduit.

17. Hower regularly works more than 40 hours per week. However, Hower is not paid for all hours worked over 40 per week.

18. Express Technologies' pay scheme is such that it does not pay Hower for any time spent driving during the workday, including time spent driving from the shop to jobsites, for time spent driving from jobsite to jobsite, and for time spent driving from jobsites back to the shop.

19. Express Technologies has a custom or practice of not paying for hours spent driving during the workday.

20. Express Technologies' pay scheme deprived Hower of pay for hours he worked over 40 per week.

21. Time spent driving during the workday constitutes hours worked under the FLSA and Express Technologies is obligated to pay a time-and-a-half rate for all hours worked over 40 per week.

22. All hours that Hower spends driving in between job sites for the benefit of Express Technologies are considered "all in a day's work" under the FLSA, and Express Technologies has violated, and continues to violate the FLSA by failing to pay for all such hours.

23. Express Technologies used a mobile phone application called "T Sheets" that allowed employees to clock in and out, and otherwise track their hours, via their mobile phone.

24. Early on in his employment with Express Technologies, Hower clocked in on T Sheets for time spent driving. However, Hower's manager Ross Ritenour ("Ritenour") told him to clock out when driving. Ritenour told Hower that Express Technologies does not pay employees for time spent driving.

25. When Hower complained about not being paid for all hours worked, Ritenour told him that Express Technologies was not going to pay him to sit in traffic.

26. Upon information and belief, it is Express Technologies' policy to not pay employees for time spent driving during the workday.

27. In addition to Express Technologies' refusal to pay Hower for hours spent driving, Express Technologies also has a policy of deducting a scheduled 30 minute "lunch break" from Hower's time, regardless of whether any lunch break is actually taken at that time. Hower regularly works through "lunch" periods and is not compensated for his actual time worked.

28. Express Technologies knows or has reason to believe that employees work through these "lunch breaks."

29. Upon information and belief, until approximately September 2015, this deduction was done manually by a manager. Upon information and belief, a manager would log into an

employee's T Sheets and manually adjust his time. T Sheets would reflect a note that read "30 Minutes Deducted For Not Taking Lunch."

30. Upon information and belief, beginning in approximately September 2015, Express Technologies changed the settings in T Sheets so that 30 minutes was automatically deducted from employees' time every day, regardless of whether employees took a 30 minute break.

31. Upon information and belief, beginning in approximately October 2015, Express Technologies stopped using T Sheets and began using paper timesheets.

32. Upon information and belief, it is Express Technologies' policy to not pay employees for time spent working through lunch.

33. Pursuant to the FLSA, Defendant is obligated to pay Plaintiff at a time and a half rate for all overtime hours worked. Defendant failed to do so.

34. Based on the nature of Plaintiff's job duties, there is no FLSA exemption that applies to preclude him from being paid one and one-half times his regular rate of pay for all hours worked in excess of 40 per week.

35. Defendant willfully violated the FLSA by knowingly failing to pay overtime for time spent driving during the workday and time spent working through lunch break periods.

36. On multiple occassions, Hower's supervisor said that he knew it was illegal to not pay employees for time spent driving during the workday. He told employees that if they complained, he would hire other employees to drive their vehicles.

37. At all relevant times Defendant intended to deprive Plaintiff of the overtime pay he was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under

the FLSA.

### Representative Action Allegations for FLSA Claims

38. Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a Representative Plaintiff. Plaintiff consents to become party plaintiff in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiff's "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

39. Upon information and belief, Defendant employs, and has employed, multiple persons who were paid under a similar pay scheme which deprived employees of pay for time spent driving during the workday and for working through lunch.

40. Upon information and belief, these employees perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

41. Upon information and belief, Defendant compensated, and continues to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

42. On information and belief, Defendant's pay operations are centrally managed as a single enterprise, and all or most of Defendant's employees who are paid similarly to Plaintiff are subject to common time-keeping and payroll practices.

43. Upon information and belief, Express Technologies has a policy of not paying employees overtime for hours spent driving, despite such hours being part of the employees' work for Express Technologies' benefit. Express Technologies' policy systematically deprives employees of overtime pay.

44. This policy is evidenced by Hower's manager's statement that Express

Technologies does not pay employees for hours spent driving or to "sit in traffic" during the workday.

45. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendant who were paid under a pay scheme similar to Plaintiff, and have been employed within three (3) years of the date of filing of this action.

46. Express Technologies' policy of refusing to pay employees for time spent driving amounted to a willful or reckless disregard of its employees' rights under the FLSA.

47. Express Technologies had no good faith basis to believe that hours spent driving during the workday, which were part of the employee's workday for the benefit of Express Technologies, were somehow exempt from overtime under the FLSA.

48. Upon information and belief, Express Technologies has a policy of not paying employees overtime for hours spent working through lunch, despite such hours being part of the employees' work for Express Technologies' benefit. Express Technologies' policy systematically deprives employees of overtime pay.

49. This policy is evidenced by Express Technologies' own timekeeping records which show that it deducts time from employees' pay for not taking a lunch.

50. Express Technologies' policy of refusing to pay employees for time spent working through lunch amounted to a willful or reckless disregard of its employees' rights under the FLSA.

51. Express Technologies had no good faith basis to believe that hours spent working through lunch, which were part of the employee's workday for the benefit of Express Technologies, were somehow exempt from overtime under the FLSA.

52. Plaintiff asserts that Defendant's willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

53. Plaintiff's job duties, and the job duties or those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

54. At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## FLSA Relief Requested

Wherefore, Plaintiff requests the following Relief against Defendant:

A. money damages for all unpaid overtime compensation;

B. liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff;

C. pre-judgment and post-judgment interest;

D. an order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

E. injunctive relief including but not limited to: an order permanently enjoining Defendant from retaliating against Plaintiff; and an order permanently enjoining Defendant from prospectively violating the FLSA with respect to Plaintiff and the putative collective action members and similarly situated employees;

  F.  reasonable attorneys' fees and costs expended in the prosecution of this case;

  G.  any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.


Respectfully submitted,
**Cameron Hower**
Plaintiff

By: _____
Philip Justus Dean (VSB No. 86335)
Craig Juraj Curwood (VSB No. 43975)
Attorneys for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
pdean@curwoodlaw.com
ccurwood@curwoodlaw.com